**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Andre La Beach

# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDRE LA BEACH,** | **Case No.:** 2:24-cv-06707-PA-BFM |
| Plaintiff, | *HON. PERCY ANDERSON* |
| v. | *HON. MAG. BRIANNA FULLER MIRCHEFF* |
| **TRANS UNION, LLC,** | **JOINT SCHEDULING REPORT** |
| Defendant. | |

///

///

///

///

**JOINT SCHEDULING REPORT**

The Parties[1] in the above-entitled action submit this JOINT SCHEDULING REPORT & [PROPOSED] ORDER pursuant to F.R.Civ.P. 26(f) and the United States District Court for the Central District of California, Civil Local Rule 26-1, and this Court's Order Scheduling Conference and Requiring Joint Scheduling Report.

1.     **Facts / Statement of the Case**

**Plaintiff:** Plaintiff alleges illegal actions of Defendant TRANS UNION, LLC ("Defendant"), with regard to Defendant's reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by Cal. Civ. Code §§ 1785.3(c); and 15 U.S.C. § 1681a(g). The action is based upon Defendant's willful and negligent failure to properly investigate the dispute(s) of Plaintiff, concerning the inaccurate, incomplete, and unverified account information Defendants was and is reporting in Plaintiff's files, and Defendant's failure to correct such, which Defendant knew or should have known was erroneous, incomplete, or unverified, caused Plaintiff damages.

**Defendant Trans Union LLC:** As discovery has just begun, Trans Union LLC ("Trans Union") cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff. Further, Trans Union properly investigated Plaintiff's disputes as required by the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA"), updated the information as appropriate, and timely reported the results of those investigations to Plaintiff. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and the CCRAA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union

---

[1] The term "Parties" shall refer to Plaintiff **ANDRE LA BEACH**("Plaintiff") and Defendant **TRANS UNION, LLC**;

accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the data furnisher, which is required to investigate a consumer dispute under § 1681s-2(b) and § 1785.25(f) after receiving notice from a consumer reporting agency. Trans Union has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA and the CCRAA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, any underlying creditor(s), and/or potential third parties. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

### A. Subject Matter Jurisdiction

The Parties do not contest this Court's jurisdiction.

**2. Amendment of Pleadings**

**Plaintiff:** Plaintiff does not anticipate the need to amend the pleadings and proposes Friday, November 29, 2024, as the last day to file an amendment of pleadings.

**Defendant Trans Union LLC:** Trans Union does not anticipate filing any motions to amend pleadings, but reserves the right to do so.

**3. Motions**

**Plaintiff:** There are no prior or pending motions. Further, Plaintiff does not currently anticipate the need to file any motion. However, Plaintiff reserves the right to file a motion for default judgment and/or a motion for summary judgment as to the liability of Defendant on the issues listed above.

**Defendant Trans Union LLC:** Based on the information available and Trans Union's knowledge of cases involving claims under the FCRA and the CCRAA, Trans Union anticipates filing a Motion for Summary Judgment and Motions in Limine, as necessary.

## 4. Proposed Discovery Schedule

The Parties have not engaged in any written discovery to date.

**Plaintiff:** Plaintiff anticipates propounding further Requests for Admissions, Requests for Production of Documents and Special Interrogatories. Plaintiff will be seeking the following categories of documents in discovery: 1) Defendant's FCRA and CCRAA compliance policies and procedures; 2) any and all correspondence sent to Plaintiff, and any other forms of communications between Plaintiff and Defendant, and Defendant and each other, 3) any and all relevant documentation related to the underlying transaction upon which Defendant furnished and/or failed to investigate with respect to Plaintiff. Plaintiff may need additional categories of documents depending on what information is provided to Plaintiff and depending on how Defendant maintains its data.

In addition, Plaintiff will also depose the Person(s) Most Knowledgeable for Defendant and individual employees associated with Plaintiff's complaint.

**Defendant Trans Union LLC:** Trans Union intends to serve written discovery on Plaintiff, serve subpoenas to third parties, and anticipates taking depositions of the Plaintiff, fact witnesses identified in discovery, and experts, if necessary.

Trans Union proposes that each party be limited to serving 40 Requests for Admissions and 40 Requests for Production of Documents on any other party.

Based on what is presently known, Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint; the accuracy of any underlying account(s); communications between Plaintiff and Trans Union; any reinvestigations conducted

by Trans Union; communications between Plaintiff and his creditor(s); the facts and circumstances surrounding Plaintiff's alleged damages; Plaintiff's failure to mitigate his alleged damages; causation relating to Plaintiff's alleged damages; the facts and circumstances surrounding Plaintiff's alleged adverse credit action; Plaintiff's credit history and usage; the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

a) **Initial Disclosures:** The Parties have not yet made their initial disclosures pursuant to *Fed. R. Civ. P. 26.* However, the Parties will do so 14 days after the Court issues its Scheduling Order.

b) **Non-Expert Discovery Cut-off**
   a. **Plaintiff:** June 12, 2025
   b. **Defendant:** June 12, 2025

c) **Disclosure of Expert Witnesses**
   a. **Plaintiff:** June 12, 2025
   b. **Defendant:** June 12, 2025

d) **Expert Witness Discovery Cut-off**
   a. **Plaintiff:** May 12, 2025
   b. **Defendant:** May 12, 2025

e) **Depositions:**
   a. **Plaintiff:** Plaintiff believes that the witnesses will include, but not limited to: 1) Plaintiff himself; 2) Defendant's representative(s) or employee(s) associated with Plaintiff's alleged debt, including all persons who completed investigations and/or reported in response to Plaintiff's disputes; and 3) Person(s) Most Knowledgeable for Defendant. The key documents from Plaintiff's perspective are relevant refusal to pay letters, responses, internal notes from Defendant,

Automated Credit Dispute Certification ("ACDV") forms, internal policies and procedures of Defendant, and any document supporting damages by Plaintiff.

 b. **Defendant:** Based on what is presently known, Trans Union anticipates taking depositions of the Plaintiff, fact witnesses identified in discovery, and experts, if necessary.

5. **Proposed Schedule of Law and Motion**

 **Dispositive Motions:**

 **Plaintiff:** Plaintiff does not anticipate a need to file a dispositive motion, but Plaintiff reserves the right to do so. Plaintiff believes discovery must be done first in order to determine a proper deadline.

 **Defendant:** Trans Union anticipates filing a Motion for Summary Judgment.

6. **Settlement**

 **Plaintiff:** The Parties have engaged in limited settlement discussions, aimed at complying with L.R. 16-2.9 and L.R. 16-15. The Plaintiff believes that settlement discussions will benefit from further development of the factual record.

 **Defendant Trans Union LLC:** Trans Union would agree to participate in ADR Procedure No. 2, although the parties will continue to attempt resolution via informal settlement discussions.

7. **Trial Length**

 **Plaintiff:** Requests a 2-5 day trial. Plaintiff proposes the pre-trial conference to be held on October 7, 2025. Plaintiff proposes the trial begin on October 14, 2026.

 **Defendant Trans Union LLC:** Based on the information currently available, Trans Union believes the trial of this matter will take 3-4 days.

**8. Other Parties to be Added**

**Plaintiff:** Plaintiff is unaware of any other parties to be added.

**Defendant Trans Union, LLC:** Trans Union does not anticipate filing any motions to add parties, but reserves the right to do so.

**9. Trial Type**

**Plaintiff:** Plaintiff requests a jury trial.

**Defendant Trans Union LLC:** Trans Union has not made a jury demand.

**10. Issues Affecting Status**

**Plaintiff:** Plaintiff is not aware of any issues that may affect the status or management of the case.

**Defendant Trans Union LLC:** Trans Union is not aware of any issues that may affect the status or management of the case.

**11. Proposals Regarding Severance, Bifurcation, Etc.**

**Plaintiff:** Plaintiff does not intend to request bifurcation or phasing of the trial. Plaintiff requests that no deadlines be shortened, as there is no need to expedite this trial or any aspects thereof.

**Defendant Trans Union, LLC:** Trans Union's does not consent to having this case tried before a magistrate judge of this Court.

The parties do not anticipate any ESI preservation issues. Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. The parties further agree that, should the need arise, they will work together in a good faith attempt to resolve any disagreement about ESI without the need for judicial intervention, to the extent practicable.

Based on Trans Union's experience with other cases involving the FCRA, Trans Union believes there may be a need for discovery in this case to be governed

by a protective order. If the parties agree concerning the need for, and scope and form of, such a protective order, Plaintiff and Trans Union will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party seeking such an order shall file an appropriate motion and supporting memorandum.

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

Respectfully submitted,

DATED: September 16, 2024

**THE CARDOZA LAW CORPORATION**

BY: /s/ Michael F. Cardoza
Lauren B. Veggian, Esq.
Michael F. Cardoza, Esq.
Attorneys for Plaintiff
Andre La Beach

| | |
|---|---|
| | **QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.** |
| DATED: September 16, 2024 | BY: /s/ R<small>ITIKA</small> S<small>INGH</small><br>R<small>ITIKA</small> S<small>INGH</small>, E<small>SQ</small>.<br>A<small>TTORNEY FOR</small> D<small>EFENDANT</small>,<br>T<small>RANS</small> U<small>NION</small>, LLC |

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**JOINT SCHEDULING REPORT** **PAGE 8 OF 8**

# ATTESTATION AND CERTIFICATE OF SERVICE

I, Michael F. Cardoza, am the ECF user whose identification and password are being used to file this document and I hereby attest that all counsel whose electronic signatures appear within it provided their authority and concurrence.

I also hereby certify that on September 16, 2024, I electronically filed a true and correct copy of the foregoing JOINT SCHEDULING REPORT with the Clerk of the Court for the United States District Court of California for the Central District of California using the CM/ECF system. I also certify that all participants in this case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

DATED: September 16, 2024

THE CARDOZA LAW CORPORATION

BY: /s/ MICHAEL F. CARDOZA
LAUREN B. VEGGIAN, ESQ.
MICHAEL F. CARDOZA, ESQ.
ATTORNEYS FOR PLAINTIFF
ANDRE LA BEACH